**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Aalberts Surface Treatment Corp.,

Plaintiff,

v.

Case No. 1:25-cv-7265-MLB

Newco Enterprises Incorporated
and James Young,

Defendants.

________________________________/

**OPINION & ORDER**

Defendants Newco Enterprises Inc. and James Young move for partial judgment on the pleadings. (Dkt. 27.) Plaintiff Aalberts Surface Technology Corporation opposes. (Dkt. 29.) The Court denies the motion.

## I. Background

Plaintiff provides surface technology services, an industrial processes that modifies the outermost layer of materials to improve performance—for example, by reducing friction. (Dkt. 20 ¶¶ 18-19.) For the past two decades, Plaintiff has provided surface technology services to Parker-Hannifin Corporation ("Parker"), coating Parker's stators (a

stationary component of a rotary system like an electric motor or generator). (*Id.* ¶ 20.) Plaintiff developed a proprietary machine to coat Parker's stators after "years of study" and through "the unique technical knowledge and experience of [Plaintiff's] employees." (*Id.* ¶ 21.) Plaintiff also developed plans, schematics, manuals, guides, and procedures for constructing, repairing, and operating the coating machine. (*Id.* ¶ 22.) It even created a proprietary "recipe" of materials, methods, and processes for coating Parker's stators. (*Id.* ¶ 27.) For many years, Plaintiff was Parker's sole vendor for stator-coating services. (*Id.* ¶ 20.)

Defendant James Young worked for Plaintiff as an application specialist from 2018 until July 2025. (*Id.* ¶¶ 45, 63.) He operated and maintained Plaintiff's coating machine for Parker's stators. (*Id.* ¶ 23.) Young thus acquired knowledge of the design, construction, maintenance, and operation of Plaintiff's coating machine. (*Id.* ¶ 24.) Young also knew the "recipe" of materials, methods, and processes Plaintiff used to coat Parker's stators. (*Id.* ¶ 28.) Because of his role, Young signed an employment contract that includes confidentiality, non-compete, and non-solicitation provisions. (*Id.* ¶¶ 48–52.) The confidentiality provision prohibits Young from ever disclosing

confidential information, proprietary information, or trade secrets. (*Id.* ¶ 49.) The non-compete and non-solicitation provisions prohibit Young from working for any of Plaintiff competitors in surface coating or from soliciting Plaintiff's clients for one year after he leaves the company. (*Id.* ¶ 50.) Young signed the employment agreement, but Plaintiff lost it. (Dkt. 20 at 48–50.)

On July 22, 2025, Young told Tabatha Rhoades (his supervisor) that he was retiring. (*Id.* ¶ 63.) In the days before his departure, Young downloaded two zip folders containing confidential information and trade secrets, including formulas for Plaintiff's coatings, a pictorial reference guide explaining the construction and operation of the coating machine, and detailed memorandums explaining how to calibrate and maintain the coating machine. (*Id.* ¶¶ 26, 76–78.) He then transferred the zip folders to himself. (*Id.* ¶ 81.)

Plaintiff did not retire. Instead, he joined Defendant Newco Enterprises Inc., a company that competes with Plaintiff. (*Id.* ¶¶ 58, 66.) Newco then began trying to get Parker's business. (*Id.* ¶¶ 70–71, 86.) In October 2025, Parker informed Plaintiff it would start using Newco in 2026 to coat its stators. (*Id.* ¶ 87.) Plaintiff claims Newco did not possess

the technical knowledge, expertise, or equipment needed to coat Parker's stators before Young's arrival. (*Id.* ¶ 72.) And while Newco had previously hired employees away from Plaintiff, none of those employees possessed the coating machine information that Young possessed. (*Id.* ¶ 61.) According to Plaintiff, Newco could not have qualified to coat Parker's stators without Young. (*Id.* ¶ 90.)

Plaintiff sued Young and Newco. (Dkt. 1.) Its amended complaint asserts four claims: misappropriation of trade secrets against Newco and Young under the Defend Trade Secrets Act and Georgia Trade Secrets Act (Counts I and II); breach of contract against Young (Count III); and tortious interference with contractual relations against Newco (Count IV). (Dkt. 20.) Defendants move for partial judgment on the pleadings as to Counts III and IV. (Dkt. 27.)

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance

of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Off. for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

A motion for judgment on the pleadings under Rule 12(c) is "substantially similar" to a motion to dismiss under Rule 12(b)(6). *Scales v. Talladega Cnty. Dep't of Human Res.*, 2012 WL 3775837, at *6 (N.D. Ala. Aug. 27, 2012); *see Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta*, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss."). Both challenge "whether the complaint has stated a claim for relief." *Dixon v. Ga. Dep't of Pub. Safety*, 135 F. Supp. 3d 1362, 1369 (S.D. Ga. 2015); *see Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002). Both require the court to "accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). And, to survive either motion, "[t]he complaint's allegations must plausibly

suggest that the defendant has a right to relief, raising that possibility above a speculative level." *Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007). Despite the plaintiff's pleading burden, the movant bears the burden of showing judgment on the pleadings is proper. *See Provident Mut. Life Ins. Co. of Philadelphia*, 864 F. Supp. at 1278.

**III. Discussion**

As explained, Plaintiff admits it lost Young's employment contract. But—as part of its complaint—Plaintiff incorporates an affidavit from Rhoades, attaching her own employment agreement and averring Plaintiff signed an identical agreement. (Dkt. 20 at 49-50.) She swore she "personally witnessed" him do so. (*Id.* at 50.) The employment contract she includes contains the confidentiality, non-competition, and non-solicitation provisions at issue here.

Defendants move for judgment on the pleadings on Counts III (breach of contract) and IV (tortious interference with contractual relations). (Dkt. 27.) They contend these contract-based claims fail as a matter of law because Georgia law prevents Plaintiff from introducing evidence from Rhoades to prove the existence or terms of an agreement subject to the statute of frauds. (*See generally* Dkts. 27, 31.) Relying

heavily on *Jones v. Housing Authority of Fulton County,* 726 S.E.2d 484, 488 (Ga. Ct. App. 2012), Defendants insist that, "[i]f the statute of frauds applies, parol evidence is not admissible to supply any missing essential element of such a contract"—meaning Plaintiff can only rely on the contract itself for its contract claims. (Dkt. 27-1 at 8.)

In *Jones*, a terminated employee sued his former employer for, among other things, not funding a pension under an employment agreement. 726 S.E.2d at 487. The agreement—which was neither lost nor destroyed—stated the employer would contribute "an amount to be agreed upon" into a pension plan for the plaintiff's benefit. *Id.* at 488. To support his claim, the plaintiff submitted an affidavit alleging he and his employer agreed to that amount. *Id.* The Georgia Court of Appeals, however, held the affidavit was inadmissible parol evidence because it sought to supply a missing "essential" term—compensation—to an agreement subject to the statute of frauds. *Id.* The Court of Appeals explained the Court could not consider the affidavit "as evidence of the

amount to be paid into a deferred compensation plan because that amount could only have been established by a written agreement." *Id.*

Defendants contend *Jones* is "fatal to [Plaintiff's] attempt to substitute other proof for the missing contract." (Dkt. 31 at 10.) Because Young's alleged agreement falls within the statute of frauds—due to its nondisclosure obligations extending more than one year after his employment—Defendants argue Plaintiff cannot rely on the exhibits attached to the amended complaint to supply not just one essential term, but *all* essential terms of Young's alleged agreement. (*Id.* at 11.) In other words, according to Defendants, "the only permissible evidence of proving the agreement's terms [is] a copy of the agreement itself." (Dkt. 31 at 11.)

Plaintiff disagrees with Defendants' argument and insists Georgia law permits a party to prove both the existence and terms of a lost or destroyed contract through secondary evidence, notwithstanding the statute of frauds. (*See generally* Dkt. 29.) Plaintiff cites *Pope v. Kem Mfg. Corp*. 295 S.E.2d 290 (Ga. 1982) for this proposition. In that case, Defendant Kem (a chemical manufacturer) sought to enjoin a former employee from selling competing products to its pre-existing customers. 295 S.E.2d at 291. Although claiming the sales violated a covenant

against post-employment competition in an employment agreement, Kem could not produce a copy of the agreement. *Id.* at 292. Kem, however, provided other documents showing the employee had, in fact, signed the alleged employment agreement. *Id.* The trial court rejected the employee's argument that the covenant was unenforceable without the written employment contract. *Id.* On appeal, the Georgia Supreme Court held that, as a general matter, "post-employment covenants against competition by an employee who is not an officer or director must be in writing." *Id.* But, the Court held that, when the written agreement is missing, a party may enforce the covenant if it produces secondary evidence sufficient to prove the existence and contents of the contract. The Georgia Supreme Court thus affirmed the trial court's denial of the employee's motion to dismiss because—even without the written covenant—Kem would be able "to prove that it, in fact, had entered into a written employment contract with Pope as well as the terms of that contract." *Id.*

The Court agrees Plaintiff may rely on Rhoades's declaration to prove the terms of Plaintiff's missing employment agreement. This case is not like *Jones*. The parties in *Jones* had a written agreement that did

***not*** contain all essential terms, specifically the amount the employer would contribute to the pension plan. Within the context of the statute of frauds, parol evidence could not be used to add missing terms that should have been memorialized. *See* 726 S.E.2d at 488. But that is not what happened here. In this case, Plaintiff insists the written agreement included all the essential terms, including the post-employment restrictions. The problem here is simply that the agreement itself is missing. So this case is like *Pope*: Plaintiff is offering secondary evidence—not to add previously unwritten essential terms—but to prove the terms that were written but are now missing.

Defendants try to reconcile these cases, saying "nothing in *Pope* suggests" its holding applies to contracts subject to the statute of frauds. (Dkt. 31 at 9.) So they say that—where a contract is subject to the statue of frauds—*Jones* controls and parol evidence is unavailable. But *Pope* held secondary evidence is *admissible* where a written contract is lost. Nothing in that opinion suggests it applies only outside the statute of frauds. The Court rejects Defendants' effort to cabin the Georgia Supreme Court's decision by a subsequent Georgia Court of Appeal's decision and instead gives full force to the higher court's order. *See Sales*

*v. State Farm Fire & Cas. Co.*, 849 F.2d 1383, 1387 (11th Cir. 1988) ("Although these cases support [plaintiff's] claim, the Georgia Court of Appeals wrote them. It is the state's highest court, however, which expresses the Georgia law that controls us. In this instance, the appellate court decisions directly contradict the Supreme Court of Georgia.").

To find *Jones* categorically forbids the admission of "other evidence" to prove the contents of an agreement subject to the statute of frauds would also limit the so-called "best evidence rule." Both Georgia's version of that rule and its federal counterpart state that an original writing, recording, or photograph is not required and "other evidence of the contents of a writing, recording, or photograph shall be admissible if . . . [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith . . ." *See* O.C.G.A. § 24-10-1004(1); Fed. R. Evid. 1004(a).[1] These rules have no exception for contracts subject to the statute of frauds. So the Court avoids a reading of Georgia law that would impose such a limitation.

---

[1] The rules differ slightly in their wording, but they are substantively identical in all material respects.

The issue before the Court thus is whether Plaintiff has plausibly alleged the terms of the contract underlying Counts III and IV. *See Roma Outdoor Creations, Inc. v. City of Cumming,* 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008) ("A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss."). In her declaration, Rhoades avers that Plaintiff signed an agreement identical to the one she provided. (Dkt. 20 at 49–50, ¶ 13.) That agreement includes the confidentiality, non-competition, and non-solicitation provisions upon which Plaintiff asserts Counts III and IV. Rhoades's declaration also authenticates an offer letter she provided Young during the hiring process. (*Id.* at 49, ¶ 12.) That letter corroborates Rhoades's testimony that Plaintiff signed the agreement, stating his offer of employment was "contingent upon [his] execution of standard employment documentation as required by law, together with a Confidentiality/Noncompetition Agreement." (*Id.* at 56.) Young, of course, was employed by Plaintiff for several years, permitting the reasonable inference he signed the agreements referenced in his offer letter. *See Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998) (In deciding

motion for judgment on the pleadings, must "draw all inferences that favor the nonmovant.").

These exhibits—and the corresponding allegations in the complaint—plausibly allege Defendant entered into a written employment agreement that includes the confidentiality, non-compete, and non-solicitation obligations alleged in the complaint. Finally, Plaintiff's secondary evidence is sufficient at this stage to show the contract is lost. Rhoades avers that Young's employment agreement is inaccessible "due to the company's migration from one human resources platform to another." (*Id.* at 49, ¶ 13.)[2] Notwithstanding the absence of Young's contract, Plaintiff may proceed on its contract-based claims under the assumption Young signed an agreement identical to the one attached to Plaintiff's amended complaint. *See Pope*, 295 S.E.2d at 292.

The Court now considers whether Plaintiff plausibly alleges its claims in Counts III and IV. In this regard, Defendants make no

---

[2] Defendants don't meaningfully dispute these allegations. In a footnote, they raise questions about the disappearance of Young's contract. (Dkt. 27-1 at n. 2.) But those questions don't show the absence of a "material dispute of fact" as to whether the documents attached to the amended complaint indicate Young signed the confidentiality agreements. *See Cunningham*, 592 F.3d at 1255.

argument about the sufficiency of the allegations beyond their claim Plaintiff cannot rely on Rhoades's declaration. As a result, and in the light of the Court's above determination, Defendants do not carry their burden of showing Plaintiff fails to state a claim for relief. While the Court's analysis could stop there, it nonetheless assesses Plaintiff's claims.

The elements of breach of contract in Georgia are: "(1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015). The complaint plausibly alleges Young breached his employment agreement—at a minimum—by downloading company trade secrets and confidential information during his final days of employment, retaining that information, and disclosing it to his new employer, Newco. (Dkt. 20 ¶ 151–56; 60 (Young's contract stating, "[a]t all times both during [his] employment and after the termination of [his] employment, Employee shall keep and retain in confidence . . . any [ ] confidential, proprietary or trade secret information.").) Plaintiff also suffered damages from this breach. (*See, e.g.*, *id.* ¶¶ 88–98.) Accordingly, Plaintiffs states a plausible claim for relief against Young in Count III.

In Georgia, the elements of tortious interference with contractual relations are:

> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third part[y] to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Mabra v. SF, Inc.*, 728 S.E.2d 737, 739–40 (Ga. Ct. App. 2012). To meet the requirement that a defendant act "without privilege," that defendant must be a "stranger to the contract or business relation at issue." *Id.* at 740. Newco was indeed a "stranger" to Plaintiff's contract with Young.

Plaintiff plausibly alleges Newco acted "improperly" or "wrongfully" by soliciting and inducing Young's breach. (Dkt. 20 ¶ 160.) Plaintiff claims Newco "contacted Young on multiple occasions" while Young was still Plaintiff's employee "and induced Young to transfer confidential and proprietary information [ ] in violation of his confidentiality obligations and duty of loyalty." (*Id.* ¶ 164.) Taking these allegations as true—and in the absence of any argument from Newco on the issue—the Court finds Plaintiff plausibly alleges Newco acted improperly or wrongfully without

privilege.[3] Plaintiff also plausibly alleges Newco acted "purposely and with malice with the intent to injure" by acting with the intent of siphoning a portion, or perhaps all, of Parker's stator-coating business from Plaintiff. (*Mabra*, 728 S.E.2d at 739–40; *see* Dkt. 20 ¶¶ 88–98.) Once more, in the absence of argument from Newco, these allegations are sufficient. Because the Court concludes above Plaintiff plausibly alleges a breach of Young's contract and damages from the breach, Plaintiff also satisfies the third and fourth elements of its claim in Count IV. Plaintiff's tortious interference with contractual relations claim in Count IV survives.

## IV. Conclusion

Accordingly, the Court **DENIES** Defendants' motion for partial judgment on the pleadings (Dkt. 27). The Court **DENIES AS MOOT**

---

[3] The Court notes Plaintiff's allegations of Newco's wrongful conduct may be conclusory. Plaintiff does not explain when or how Newco contacted Young during his employment, how Newco induced Young's disclosure of confidential information and trade secrets, or how Newco acted with malice. Had Defendants spent any time arguing the sufficiency of Counts III and IV, perhaps these weaknesses would have led the Court to a different conclusion. But the Court cannot say Defendants carry their burden here.

Defendants' Motions to Dismiss (Dkts. 15, 17) in the light of the Amended Complaint (Dkt. 20).

**SO ORDERED** this 18th day of August, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE